The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Richard B. Ford and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Orders. Accordingly, the Full Commission affirms and adopts the Decision and Orders of the deputy commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. A document entitled Plaintiffs Request to see the Sergeant, marked as Plaintiffs Exhibit Number one, is admitted into evidence.
2. A document entitled Letter to Plaintiff from Warden Lee, dated May 25, 2000, marked as Plaintiffs Exhibit Number two, is admitted into evidence.
3. A document entitled Personal Property Inventory of Plaintiff, dated June 19, 1998, marked as Defendants Exhibit Number three, is admitted into evidence.
4. A document entitled Personal Property Inventory of Plaintiff, dated March 4, 1998, marked as Plaintiffs Exhibit Number four, is admitted into evidence.
5. A document entitled Personal Property Inventory of Plaintiff, dated April 18, 1998, marked as Plaintiffs Exhibit Number five, is admitted into evidence.
6. A set of documents entitled Administrative Remedies Procedure, dated June 18, 1998, marked as Plaintiffs Exhibit Number six, is admitted into evidence.
7. A set of documents entitled Department of Correction Policy regarding personal property of inmates, marked as Defendants Exhibit Number one, is admitted into evidence.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. TA-15827 and TA-15888 were previously consolidated by order of Commissioner Bernadine S. Ballance on June 28, 1999.
2. On March 4, 1998, plaintiff was housed in Durham County Jail, a correctional facility in Durham, North Carolina. Plaintiff was subsequently transferred to Polk Youth Institution, a correctional facility in Butner, North Carolina.
3. Plaintiff was on disciplinary treatment at the times the items were seized and acknowledged he was not supposed to have the items in his possession at those times.
4. In accordance with defendants policies, plaintiff/inmate, while housed in a correctional facility, is allowed to "own/possess one battery operated transistor radio, "walk-man style, with earphones and AM/FM bands. Plaintiff/inmate is also allowed "one pair of recreational shoes (tennis shoes).
5. In accordance with defendants policies, "Items of personal property found in the possession of an inmate which are not authorized by this section shall be confiscated and disposed of . . .
6. Pursuant to the above-mentioned policy, Durham officer OBriant found on March 4, 1998 that plaintiff possessed two walk-man style radios and one set of headphones. OBriant confiscated the items and completed the proper documentation, indicating on the forms that these items were in "poor condition. On April 18, 1998, OBriant again confiscated items (tennis shoes) and again completed the proper documentation. The tennis shoes were recorded as being in "poor condition.
7. On June 2, 1998, plaintiff requested to see the sergeant, and completed a form requesting return of his personal property. The sergeant indicated on the form that the items were not found in the personal property room.
8. On June 24, 1998, the Superintendent of Central Prison, Lt. Pinson attempted to return plaintiffs personal property to him. Plaintiff refused to accept the items.
9. Plaintiff filed an administrative remedy procedure (grievance) June 1, 1998, alleging that his walk-men, earphones and tennis shoes were not returned to him when he was transferred from Durham County Jail to Polk Youth Institution. On May 16, 2000, the Inmate Grievance Resolution Board held that, "Since the Division of Prisons has agreed to refund the inmate $10 for his tennis shoes and to replace his walkman style radio with ear buds, we believe that this meritorious grievance has been resolved.
10. Captain Hudson offered plaintiff $10 to compensate him for his lost personal property on May 17, 2000. Plaintiff refused to accept this offer. Warden R.C. Lee, in a letter dated May 25, 2000, rescinded the offer.
11. Plaintiff now is in possession of a walk-man style radio with headphones, and under the regulations, is not entitled to possess an additional radio. Plaintiff is in possession of recreational tennis shoes, and under the regulations, is not allowed to possess a second pair of tennis shoes.
12. Defendant agreed at the hearing to again offer $10 to plaintiff for full and complete settlement of the claim. Plaintiff refused to accept defendants offer.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff offered no credible testimony or evidence to support his allegation that defendant had lost or stolen his personal property. Further, plaintiff offered no credible testimony or evidence to support his claim that the property in question was valued at $171.00.
2. Defendants offer of $10 compensation was fair and no further redress is required.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, DISMISSED.
2. Each party shall bear its own costs.
This 30th day of March 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER